IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JOHN LAUSHAW, #74603                                                              PLAINTIFF

VERSUS                                         CIVIL ACTION NO. 3:15-cv-338-DPJ-FKB

MARSHALL FISHER, JOANN SHIVERS
and LATASHA BROOKS                                                              DEFENDANTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff John Laushaw, an inmate of the Mississippi Department of Corrections (MDOC), brings this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendants are Marshall Fisher, Commissioner of MDOC; Joann Shivers, Deputy Warden at Central Mississippi Correctional Facility (CMCF); and Latasha Brooks, Lieutenant and Disciplinary Hearing Officer at CMCF. The Court, having liberally construed Plaintiff's Complaint [1] and Amended Complaint [13], in consideration with the applicable law, finds that this case should be dismissed.

I.      Background

On March 3, 2015, Plaintiff was found guilty of a prison rule violation report (RVR) for possession of a cell phone. The punishment for this disciplinary conviction was loss of privileges for 90 days and a recommended custody review. Plaintiff's custody level was reduced, resulting in his placement in segregation. Plaintiff states that his appeal of the RVR and resulting punishment was denied via the prison-administrative-remedy program.

Plaintiff asserts various complaints regarding the RVR and disciplinary process, which he claims violates MDOC policy and his constitutional rights. Specifically, Plaintiff argues that the

---

[1]Plaintiff was granted permission to proceed *in forma pauperis* in this case. *See* Order [11].

RVR was not initialed by the Unit Manager, that an investigation did not begin within 24 hours of the violation, and that he had a sworn affidavit from another inmate stating that he placed the cell phone underneath Plaintiff's pants. Plaintiff complains that despite these facts, he was found guilty of the RVR and his appeal of the disciplinary action was denied by prison authorities. As relief, Plaintiff is requesting expungement of the disciplinary proceedings from his prison record, release from segregation, and monetary damages.

II.     Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the Court determines an action "fails to state a claim on which relief may be granted" or "is frivolous or malicious." *See* 28 U.S.C. § 1915 (e)(2)(B). The Fifth Circuit deems a complaint to be frivolous "if it lacks an arguable basis in law or fact or if there is no realistic chance of ultimate success." *Henthorn v. Swinson*, 955 F.2d 351, 352 (5th Cir. 1992) (per curiam). Since the Court has permitted Plaintiff Laushaw to proceed *in forma pauperis* in this action, his Complaint is subject to the case-screening procedures set forth in 28 U.S.C. § 1915(e)(2).

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff "must allege facts showing that a person, acting under color of state law, deprived the plaintiff of a right, privilege or immunity secured by the United States Constitution or the laws of the United States." *Bryant v. Military Dep't of the State of Miss.*, 597 F.3d 678, 686 (5th Cir. 2010). Initially, the Court notes that discipline of inmates by prison officials is "within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). Also, the classification of prisoners in certain custody levels is well within the broad discretion of prison officials and should be "free from judicial intervention." *McCord v. Maggio*, 910 F.2d 1248,

1250–51 (5th Cir. 1990).

Plaintiff is asserting that his constitutional right to due process was violated when a prison disciplinary action resulted in a reduction in his classification level and loss of prison privileges for 90 days.  To invoke the protections of the Due Process Clause, Plaintiff must have a protected liberty interest at stake.  A constitutionally protected liberty interest is "limited to freedom from restraint which . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life."  *Sandin*, 515 U.S. at 484.

"With regard to [Plaintiff's] claim regarding his placement in administrative segregation, [the Fifth Circuit] has held that 'absent extraordinary circumstances, administrative segregation as such, being an incident to the ordinary life as a prisoner, will never be a ground for a constitutional claim.'"  *Bonner v. Alford*, 594 F. App'x 266, 267 (5th Cir. 2015) (per curiam) (quoting *Pichardo v. Kinker*, 73 F.3d 612, 612–13 (5th Cir. 1996)); *see also Wilkerson v. Stalder*, 329 F.3d 431, 435–36 (5th Cir. 2003) (noting that "this circuit has continued to hold post-*Sandin* that an inmate has no protectable liberty interest in his classification" and remanding case to determine if lock-down status for thirty years was "atypical" under *Sandin*); *Madison v. Parker*, 104 F.3d 765, 767–68 (5th Cir. 1997) (finding restriction on prison privileges is merely a change in the conditions of an inmate's confinement).  Furthermore, the Fifth Circuit has specifically addressed an inmate's placement in administrative segregation along with the loss or restriction of most prison privileges and determined that protection under the Due Process Clause is not available.  *See Lewis v. Dretke*, No. 02-40956, 2002 WL 31845293, at *1 (5th Cir. 2002) (per curiam) (holding restrictions on commissary, telephone, recreation, and library privileges as well as attendance at religious services, along with 15 days of solitary confinement,

resulting from allegedly false disciplinary charges do not implicate due process); *Sharp v. Anderson*, No. 99-60676, 2000 WL 960568, at *1 (5th Cir. 2000) (per curiam) (finding confinement in segregation for 112 days after inmate was found not guilty of disciplinary charge does not implicate the protections of the due process clause); *Berry v. Brady*, 192 F.3d 504, 508 (5th Cir. 1999) (finding loss of visitation session insufficient to implicate a liberty interest). Since Plaintiff does not have a constitutionally protected right to a certain classification level or any privileges associated with a certain classification level while in prison, his due-process claim fails.

Likewise, the Court finds that to the extent Plaintiff is claiming that MDOC policy and procedure was violated by the complained-of RVR and resulting disciplinary process, he is not entitled to relief under § 1983. These allegations, without more, simply do not rise to the level of a constitutional deprivation. *See Guiden v. Wilson*, 344 F. App'x 980, 981 (5th Cir. 2009) (per curiam) ("A violation of a prison rule by itself is insufficient to set forth a claim of a constitutional violation." (citing *Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986))).

In addition, the Court finds that Plaintiff does not have a federally protected liberty interest in having a prison grievance investigated or resolved to his satisfaction. *Geiger v. Jowers*, 404 F.3d 371, 373–74 (5th Cir. 2005) (per curiam); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding inmate does not have protected liberty interest in filing grievances). Therefore, Plaintiff's claims related to how his grievance was handled within the prison- administrative-remedy program are frivolous. *Morris v. Cross*, 476 F. App'x 783, 785 (5th Cir. 2012) (per curiam) (finding inmate's claim that he was denied adequate investigation into his grievance was properly dismissed as frivolous); *Staples v. Keffer*, 419 F.

4

App'x 461, 463 (5th Cir. 2011) (per curiam) (finding prisoner "does not have a constitutional right to a grievance procedure at all" and therefore claims that appeals within the prison system were "arbitrarily and capriciously denied" are not cognizable).

III.  Conclusion

The Court has considered the pleadings and applicable law.  For the reasons stated, this civil action is dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A Final Judgment in accordance with this Order of Dismissal will be entered.

**SO ORDERED AND ADJUDGED** this the 22th day of June, 2015.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE